**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Eugene DOBSON, Defendant-Appellant.**

**No. 74–1816.**

United States Court of Appeals, Sixth Circuit.

Feb. 20, 1975.

John M. McKnight (Court Appointed—CJA), Knoxville, Tenn., for defendant-appellant.

John L. Bowers, Jr., U. S. Atty., Charles N. Stedman, Knoxville, Tenn., for plaintiff-appellee.

Before PHILLIPS, Chief Judge, and PECK and LIVELY, Circuit Judges.

## PER CURIAM.

Eugene Dobson was tried before a jury in two consolidated cases and convicted of the unlawful possession, forgery and uttering of United States Treasury Social Security checks which had been stolen from the mail, in violation of 18 U.S.C. §§ 495 and 1708.

On appeal two contentions are made as grounds for reversal: (1) That it was error to allow a Government witness to identify the defendant in the court room when the witness had failed to identify the picture of the defendant from an array of photographs;  and (2) that the

evidence was insufficient to support the verdict of the jury.

The appeal came on to be considered pursuant to Sixth Circuit Rule 3(e).[1]

■ Dobson was identified in the court room by Floyd Ernest Roach, owner of the Floyd Furniture Store at Knoxville, Tennessee, who cashed the stolen check. Mr. Roach testified that Dobson. had been in the store the previous evening looking at a television set. He returned the following day and stayed approximately ten minutes. He purchased a $104.95 television set, paying for it by signing and cashing a check which proved to be stolen and receiving $270.15 in change. Mr. Roach stated that he watched Dobson for several minutes while he was waiting outside following the transaction and that Dobson later returned to the store to use the telephone. This witness had a good opportunity to see Dobson and to become familiar with his features. Earlier in his testimony, however, Mr. Roach had selected a photograph of a different person as the one who cashed the check.

In United States v. Black, 412 F.2d 687 (6th Cir. 1969), cert. denied, 396 U.S. 1018, 90 S.Ct. 583, 24 L.Ed.2d 509 (1970), this court held that where an eyewitness was unable to pick out a defendant's picture from an array of photographs, this did not prevent the same witness from making a positive in-court identification. This court said, speaking through Judge Weick:

> The fact that eye witnesses to an occurrence cannot make a positive identification of an individual from an examination of photographs of a number of persons, does not necessarily detract from the validity of their in-court identification where they see the individual in person. The weight to be given to their in-court identification is for the jury to determine. 412 F.2d at 689.

To like effect see United States v. O'Neal, 496 F.2d 368, 372 (6th Cir. 1974);

---

1. **(e) Docket Control.** In the interest of docket control, the chief judge may from time to time, in his discretion, appoint a panel or panels to review pending cases for appropriate assignment or disposition under Rules 7(e), 8 or 9 or any other rule of this court.

United States v. Toney, 440 F.2d 590 (6th Cir. 1971).

We conclude that *O'Neal, Black* and *Toney* are controlling in the present case. Appellant's first contention is without merit.

■ An examination of the transcript demonstrates that there was abundant evidence to support the verdict of the jury. It was stipulated that the checks were stolen and that the payees did not know Dobson. There was more than sufficient evidence from which the jury could have concluded that Dobson possessed, forged and cashed the stolen checks.

In denying bail pending appeal, District Judge Robert L. Taylor included the following language in his order: "In the opinion of the court there is no legal basis for appeal of this case and it is taken for the purpose of delay."

We conclude that it is manifest that the questions on which the decision of this cause depends are so unsubstantial as not to need further argument. Sixth Circuit Rule 8.

Affirmed.