**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Anthony D. GIACALONE,**
**Defendant-Appellant.**

**No. 78–5152.**

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 11, 1978.

Decided Nov. 6, 1978.

Rehearing and Rehearing En Banc
Denied Feb. 7, 1979.

**6**

Ivan E. Barris, Barris, Golob & Pritchard, David F. DuMouchel, Detroit, Mich., for defendant-appellant.

James K. Robinson, U. S. Atty., Detroit, Mich., Arnold G. Shulman, Detroit Strike Force, U. S. Dept. of Justice, Detroit, Mich., Carolyn L. Gaines, Washington, D. C., for plaintiff-appellee.

Before CELEBREZZE and MERRITT, Circuit Judges, and PECK, Senior Circuit Judge.

MERRITT, Circuit Judge.

Following a jury trial, the defendant, Giacalone, was convicted of three counts of making false declarations, in violation of 18 U.S.C. § 1623, before a grand jury pursuing a tax evasion investigation of his father, and one count of perjury in violation of 18 U.S.C. § 1621, at his father's trial. He was sentenced by Judge Churchill to concurrent terms of eighteen months' imprisonment and fined $2,500.00 on each of the four counts.

The evidence shows that the defendant appeared before a grand jury investigating the federal income tax liability of his father where he testified that he had received a total of $25,000.00 in cash as wedding gifts which was invested in Giacalone Homes. He stated before the grand jury that he did not recall any other money being left over from the wedding gifts received. Approximately one year later, the defendant appeared as a witness in his father's trial for tax evasion. At the trial it was in his father's interest for the defendant to testify that he received more than $25,000.00 in wedding gifts, and he testified that he received $104,000.00 in wedding gifts. Contradictions between defendant's trial and grand jury testimony concerning the amount and disposition of these gifts was the basis of Counts I, II and III of the indictment.

Count IV was a perjury count. The defendant testified at his father's trial that on a certain date his father gave him $8,324.00. The government introduced evidence that defendant's father did not give him any such amount on that date.

The defendant appeals on three grounds: First, the District Court erred by holding that the materiality of the defendant's testimony at the grand jury hearing and at the trial—materiality being an element of the offense charged—is a question of law for the court rather than a question of fact for the jury. Secondly, the defendant claims that the court erred in ruling that the government does not have to prove the materiality of the false statements beyond a reasonable doubt, even if materiality is a question of law rather than a question of fact for the jury. Thirdly, the defendant claims that the grand jury testimony for which he was indicted in the first three counts of the indictment does not contradict and is not inconsistent with his trial testimony.

It has long been settled that the question of materiality in a perjury or false statement case is one of law for the courts to decide. *Sinclair v. United States,* 279 U.S. 263, 298, 49 S.Ct. 268, 73 L.Ed. 692 (1929); *United States v. Beitling,* 545 F.2d 1106, 1109 (8th Cir. 1976), *cert. denied,* 430

U.S. 918, 97 S.Ct. 1334, 51 L.Ed.2d 596 (1977). Since the issue of materiality is a legal question, not a question of fact, the government need not prove materiality beyond a reasonable doubt, and Judge Churchill was not bound to apply the traditional standard of proof for questions of fact. Therefore, the defendant's first two claims on appeal are without merit.

With respect to the defendant's third claim, the evidence supports the jury's verdict that defendant's statements at the grand jury and at the trial were inconsistent. He testified at the grand jury that he received not more than $25,000.00 in wedding gifts. At the trial, he testified that he received $104,000.00. While the question for which defendant was indicted in Count I has a subjective element in it, his answer is literally inconsistent with his testimony at the trial. Viewing the evidence most favorably to the government, as we must do, *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1941), the evidence supports the jury's verdict of guilty.

Accordingly, Judge Churchill's judgment entered on the jury's verdict is hereby affirmed.