**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Joseph ABADI, Defendant-Appellant.**

**No. 81–1754.**

United States Court of Appeals,
Sixth Circuit.

Argued March 16, 1983.

Decided May 9, 1983.

Carl Ziemba (argued), Detroit, Mich., for defendant-appellant.

Leonard R. Gilman, U.S. Atty., Michael C. Leibson, Lynn Helland (argued), Detroit, Mich., for plaintiff-appellee.

Before CONTIE and KRUPANSKY, Circuit Judges, and BALLANTINE, District Judge.*

CONTIE, Circuit Judge.

Dr. Joseph Abadi appeals his conviction on 28 counts of making false statements to a United States agency, 18 U.S.C. § 1001. The defendant was sentenced to five years imprisonment and fined $20,000.00. For the reasons stated below, we affirm.

In May 1981, the defendant, an osteopathic physician, was charged in a 28 count indictment for making false statements to the United States in violation of 18 U.S.C. § 1001. Each count charged that on various dates between June and November 1978, the defendant made false statements to the Medicaid program by billing for spinal manipulations which he had not performed. At trial, the government relied in large part upon the testimony of seven patients who had allegedly received spinal manipulations from the defendant. These patients testified that the defendant had given them prescriptions for drugs such as soma and valium, but had rarely touched or examined them. The government also called Dr. Phillip Greenman, an expert in

the field of osteopathy, who described the different methods and uses of spinal manipulation.[1] At the conclusion of trial, the jury convicted the defendant of all counts. On appeal, the defendant raises the following arguments: (1) he was denied his right to a trial by jury when the district court ruled that section 1001's materiality requirement was a question of law for the court and not a question of fact for the jury; (2) the evidence was insufficient to support his conviction; (3) the government's attorney made prejudicial remarks during his closing argument; and (4) the district court abused its discretion by admitting evidence which suggested that the defendant may have violated federal narcotics laws.

I.

Section 1001 has its origin in a statute passed over 100 years ago "in the wake of a spate of frauds upon the government." *United States v. Bramblett,* 348 U.S. 503, 504, 75 S.Ct. 504, 506, 99 L.Ed. 594 (1955). While the original statute only prohibited "any person in the land or naval forces . . ." from presenting false claims to the United States, the present version prohibits all persons from making false statements or representations to a department or agency of the United States:

§ 1001. Statements or entries generally

Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both.

---

* The Honorable Thomas A. Ballantine, Jr., United States District Judge for the Western District of Kentucky, sitting by designation.

1. Dr. Greenman indicated that spinal manipulation is a form of manipulative therapy that can be applied to any of the elements of the muscular skeletal system, and particularly to portions of the cervical, thoracic and lumbar spine. Dr. Greenman also testified that spinal manipulation is done primarily to relieve "somatic dysfunction," which he defined as an alteration in the functional anatomy in the muscular skeletal system.

Although the statute is necessarily couched in very broad terms, courts have read a materiality requirement into its second clause in order to exclude trivial falsehoods from the purview of the statute. *United States v. Beer,* 518 F.2d 168, 170–71 (5th Cir.1975). Some courts have even referred to the materiality requirement as an essential element of the statute. *See, e.g., United States v. Valdez,* 594 F.2d 725, 728 (9th Cir.1979); *United States v. Krause,* 507 F.2d 113, 118 (5th Cir.1975).

The defendant contends that the issue of materiality is a factual question to be submitted to the jury like the other essential elements of the offense. This argument, however, has not fared well in the other circuits. When presented with this issue, the Second, Fourth, Fifth, Seventh, Eighth and District of Columbia Circuits have ruled that section 1001's materiality requirement is a question of law. *United States v. McIntosh,* 655 F.2d 80, 82 (5th Cir.1981), *cert. denied,* 455 U.S. 948, 102 S.Ct. 1450, 71 L.Ed.2d 662 (1982); *United States v. Adler,* 623 F.2d 1287, 1292 (8th Cir.1980); *United States v. Bernard,* 384 F.2d 915, 916 (2d Cir.1967); *United States v. Ivey,* 322 F.2d 523, 529 (4th Cir.), *cert. denied,* 375 U.S. 953, 84 S.Ct. 444, 11 L.Ed.2d 313 (1963); *United States v. Clancy,* 276 F.2d 617, 635 (7th Cir.1960), *rev'd on other grounds,* 365 U.S. 312, 81 S.Ct. 645, 5 L.Ed.2d 574 (1961); *Weinstock v. United States,* 231 F.2d 699, 703 (D.C.Cir.1956). The Ninth and Tenth Circuits have ruled that this question is one of fact. *United States v. Irwin,* 654 F.2d 671, 677 n. 8 (10th Cir.1981), *cert. denied,* 455 U.S. 1016, 102 S.Ct. 1709, 72 L.Ed.2d 133 (1982); *United States v. Valdez,* 594 F.2d 725, 729 (9th Cir.1979). While this circuit has not passed on this issue in the context of a false statement prosecution under 18 U.S.C. § 1001, we have ruled that materiality is a question of law in a perjury prosecution under 18

U.S.C. § 1621, *United States v. Giacalone,* 587 F.2d 5, 6 (6th Cir.1978), *cert. denied,* 442 U.S. 940, 99 S.Ct. 2882, 61 L.Ed.2d 310 (1979), and in a prosecution for false statements to a grand jury under 18 U.S.C. § 1623. *United States v. Richardson,* 596 F.2d 157, 165 (6th Cir.1979). Moreover, this court cited the Fourth Circuit's *Ivey* decision to support its finding that materiality is a legal question in the prosecution of a union officer for filing a false financial report under the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 439(b) and (d). *United States v. Franco,* 434 F.2d 956, 960–61 (6th Cir.1970), *cert. denied,* 402 U.S. 915, 91 S.Ct. 1375, 28 L.Ed.2d 661 (1971).

█ After careful consideration, we hold that the materiality issue in a section 1001 prosecution should be treated as a question of law. Although the materiality of a statement rests upon a factual evidentiary showing, the ultimate finding of materiality turns on an interpretation of substantive law. Since it is the court's responsibility to interpret the substantive law, we believe the district court properly treated the issue of materiality as a legal question.[2]

### II.

█ The defendant also contends that there is insufficient evidence to support his conviction. We disagree, and hold that, viewed in the light most favorable to the government, *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942), there is sufficient evidence for a rational jury to find guilt beyond a reasonable doubt. *United States v. Francis,* 646 F.2d 251, 261 (6th Cir.), *cert. denied,* 454 U.S. 1082, 102 S.Ct. 637, 70 L.Ed.2d 616 (1981). The defendant also contends that the government's attorney made statements during his closing argument which were

2. We do not believe that the materiality requirement should be treated as an "element" of 18 U.S.C. § 1001 in the sense that the prosecution must prove materiality beyond a reasonable doubt. *In Re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970); *Cf. United States v. Giacalone,* 587 F.2d at 7. Instead, we view the materiality requirement as a judicially-imposed limitation to insure the reasonable application of the statute. Thus, the district court is required to find, as a matter of law, that the false statement or representation is material in a prosecution under section 1001.

both unsupported by the record and prejudicial. We note, however, that no objection was made by defendant's counsel and we find no plain error. *Fed.R.Crim.P.* 52(b). We also hold that the district court did not abuse its discretion by admitting evidence which suggested that the defendant may have been violating federal narcotics laws. The patients' testimony regarding their receipt of drugs revealed a portion of the overall scheme whereby the defendant gave drugs to his patients and then used their medicaid cards to bill for non-existent treatment. *Cf. United States v. Dudek,* 560 F.2d 1288, 1294 (6th Cir.1977), *cert. denied,* 434 U.S. 1037, 98 S.Ct. 774, 54 L.Ed.2d 786 (1978).

Accordingly, the judgment of the district court is AFFIRMED.