887 F.2d 266
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Edward Theola PERKINS, Defendant-Appellee.
 No. 89-1030.
 United States Court of Appeals, Sixth Circuit.
 Oct. 11, 1989.
 
 Before KRUPANSKY and RYAN, Circuit Judges, and LIVELY, Senior Circuit Judge
 PER CURIAM.
 
 
 1
 Defendant-appellee, Edward Theola Perkins (Perkins), has appealed from his conviction, pursuant to a jury trial, on two counts of theft of goods in interstate commerce in violation of 18 U.S.C. Sec. 659. On December 29, 1988, Perkins was sentenced to five years imprisonment on each count to be served concurrently.
 
 
 2
 During December, 1986, Perkins was a truck driver for Leicht Industries of Green Bay, Wisconsin. On December 30, 1986, Perkins was instructed to transport trailer # 7054, and its cargo of paper products, from the Leicht Industries' terminal at Hammond, Indiana to Hamady Brothers in Flint, Michigan. Perkins reported that, after arriving in Flint, Michigan, trailer # 7054 was stolen from a parking lot where he had temporarily parked it. In addition, Leicht Industries, on January 6, 1987, reported that trailer # 6283 and its contents of paper products, was stolen from its Lansing, Illinois lot sometime after December 22, 1986.
 
 
 3
 Perkins was indicted for and convicted of two counts of theft of goods from interstate travel as a result of an investigation concerning the stolen trailers. On appeal, Perkins does not challenge his conviction for the theft of trailer # 7054 charged in Count I of the indictment. He does, however, challenge the sufficiency of the evidence as to Count II of the indictment, charging the theft of trailer # 6283, because the totality of the evidence supporting his conviction was circumstantial.
 
 
 4
 The standard of review on appeal for claims of insufficient evidence is "whether after reviewing the evidence in the light most favorable to the prosecution, any rationale trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Boling, 869 F.2d 965, 972 (6th Cir.1989) (per curiam) (quoting Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d (1979)) (emphasis in original); United States v. Abadi, 706 F.2d 178, 180 (6th Cir.), cert. denied, 464 U.S. 821 (1983). Witness credibility is solely within the providence of the trial court. United States v. Schultz, 855 F.2d 1217, 1221 (6th Cir.1988).
 
 
 5
 The evidence established at trial was sufficient to sustain Perkins conviction of the theft of trailer # 6283. While there was no proof submitted which directly connected Perkins with trailer # 6283, there was ample circumstantial evidence linking him to the theft. "Circumstantial evidence ... is intrinsically no different from testimonial evidence." United States v. Ingrao, 844 F.2d 314, 315 (6th Cir.1988) (quoting Holland v. United States, 348 U.S. 121, 140, 75 S.Ct. 127, 137, 99 L.Ed. 150 (1954)). "Furthermore, there is no requirement that circumstantial evidence remove every hypothesis but guilt." Ingrao, 844 F.2d at 315; accord United States v. Townsend, 796 F.2d 158, 161 (6th Cir.1986).
 
 
 6
 At trial, Donald Reilly (Reilly) of Leicht Industries testified that a tripmaster, a computerized memory unit which recorded speed, distance traveled, lay over or stop time, had been installed on a cab of the truck driven by Perkins during the critical period of the thefts, December 30, 1986 through January 1, 1987. Reilly testified that the tripmaster, attached to Perkins cab, registered mileage and stop time which corresponded to the distance and time intervals within the radius of return which would have placed Perkins at the Lansing, Illinois lot and connected him to the theft of trailer # 6283. Perkins offered no explanation to account for the disparate mileage recorded by the tripmaster. Moreover, Perkins testified that he was under the impression that the tripmaster was inoperative and didn't record until such time as it had been activated by a driver's identification card.
 
 
 7
 In addition, the veracity of Perkins' denial of the theft of trailer # 6283 was impeached by his inconsistent accounts of the events during his travels between December 30, 1986 and January 1, 1987 when the thefts of the two trailers occurred. At trial, Perkins testified that, after he had parked trailer # 7054 in a parking lot on December 30, 1986 in Flint, Michigan, he went to church, several bars, and met a girl at a bookstore whom he drove to Traverse City, Michigan. However, Dolly Lewis, a dispatcher at Leicht Industries, testified that Perkins, in a written statement submitted to Leicht Industries reporting the theft of trailer # 7054, had stated that he had visited a nude bar after parking trailer # 7054 and spent the night with a female companion that he had met there. United States v. Schultz, 855 F.2d 1217, 1221 (6th Cir.1988) (witness credibility is within the sole providence of the jury).
 
 
 8
 The totality of the evidence could have left the jury with the inescapable conclusion that Perkins had stolen trailer # 6283. Perkins had sole possession of the cab which had recorded a radius of return mileage consistent with the distances between his initial point of departure, Hammond, Indiana, and the locations where the two stolen trailers were ultimately discovered. Keeping in mind that the cab had been positively identified as being in Detroit during the early morning hours of December 31, 1986, the recorded mileage equaled the distance Perkins would have traveled if he had driven from Hammond, Indiana, to Flint, Michigan, where Hamady Brothers, his scheduled trailer drop destination, had closed for the day prior to his arrival, thereafter proceeding to Detroit, where the cargo of trailer # 7054 was stolen, returning to Flint, where empty trailer # 7054 was ultimately abandoned, thereafter continuing to Lansing, Illinois, the site from which trailer # 6283 and its contents were stolen, proceeding back to Detroit, where the cargo of stolen trailer # 6283 was off loaded and the empty trailer abandoned, and thereafter returning to Hammond, Indiana, his initial point of departure. Furthermore, Perkins' inability to explain the discrepancies disclosed by the tripmaster recording device which had been attached to the cab he had been driving during the time here in controversy, and his conflicting testimony, constituted substantial evidence to support a guilty verdict. Ingrao, 844 F.2d at 316 (where defendant's alibi of a robbery of his armour truck did not correspond to the odometer, and there was a sudden increase in wealth, there was substantial evidence); accord United States v. Harbin, 585 F.2d 904 (8th Cir.1978).
 
 
 9
 Lastly, Perkins argued that since the exact date on which trailer # 6283 and its cargo had been stolen had not been proved by the government, the evidence was insufficient to support his conviction. The government was not required to prove the exact date of the offense. "It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged." United States v. Young, 618 F.2d 1281, 1289 (8th Cir.), cert. denied, 449 U.S. 844 (1980).
 
 
 10
 Accordingly, the judgment of conviction entered by the district court pursuant to the jury's verdict is AFFIRMED.