925 F.2d 1466
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John SANBORN, Defendant-Appellant.
 No. 90-2074.
 United States Court of Appeals, Sixth Circuit.
 Feb. 20, 1991.
 
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges, and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 John Sanborn appeals his jury conviction for making a false declaration before a grand jury in violation of 18 U.S.C. Sec. 1623. For the following reasons, we affirm.
 
 
 2
 During late 1989 and early 1990, a federal grand jury sitting in the Eastern District of Michigan was investigating Art and Simon Basmajian, Patrick Rugerio, and Thomas Ahmed, regarding possible narcotics trafficking. During the course of the investigation, officials with the Garden City, Michigan, police department learned that one of their patrol officers, John Sanborn, had worked as a driver for a limousine service owned by the Basmajian family.
 
 
 3
 The grand jury investigation revealed that the Basmajians used their limousine service to transport narcotics from Detroit Metropolitan Airport to various locations in the surrounding area, including a downtown Detroit nightclub known as "Chassy's." The investigation revealed that Chassy's was frequented by the targets of the investigation and was the situs for a number of drug transactions. There was also testimony which established that John Sanborn sometimes worked as a doorman at Chassy's.
 
 
 4
 John Sanborn was called to testify before the grand jury on August 30, 1989 and November 21, 1989. During his appearance on November 21, 1989, the following exchange took place:
 
 
 5
 Q. Have you had any other part-time jobs, have you ever worked in a bar, even for a private party?
 
 
 6
 A. No.
 
 
 7
 Q. Have you ever worked at a nightclub downtown called Chassy's even for one day?
 
 
 8
 A. I knew the owners down there. I was introduced to them and I spent some time down there, but never as an employee.
 
 
 9
 Approximately three months after his November 21 appearance before the grand jury, John Sanborn was indicted on one count of making false declarations before a grand jury in violation of 18 U.S.C. Sec. 1623. A jury trial was conducted which resulted in Sanborn being found guilty of the charge alleged in the indictment. Sanborn was sentenced to 10 months incarceration and two years of supervised release. This appeal ensued.
 
 
 10
 Sanborn argues on appeal that the evidence adduced at trial was insufficient to support his conviction under 18 U.S.C. Sec. 1623. A criminal defendant challenging the sufficiency of the evidence bears a heavy burden. See United States v. Vannerson, 786 F.2d 221 (6th Cir.), cert. denied, 476 U.S. 1123 (1986). The standard of review applied by this Court is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, reh'g denied, 444 U.S. 890 (1979); United States v. Bourjaily, 781 F.2d 539 (6th Cir.1986), aff'd, 483 U.S. 171 (1987). All evidence must be viewed in the light most favorable to the government. See, e.g., Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Chandler, 752 F.2d 1148, 1151 (6th Cir.1985). Furthermore, this Court may not make credibility determinations or weigh the evidence; those functions are within the province of the jury. Glasser, 315 U.S. at 80; United States v. Stull, 743 F.2d 439, 442 (6th Cir.1984), cert. denied, 470 U.S. 1062 (1985).
 
 
 11
 To convict Sanborn, the jury was required to find that, in testifying under oath before a grand jury, he knowingly made a false declaration as to a material fact when he denied that he ever was employed at Chassy's or had ever worked in a bar. 18 U.S.C. Sec. 1623(a); United States v. Watson, 623 F.2d 1198 (7th Cir.1980); United States v. Whimpy, 531 F.2d 768 (5th Cir.1976).
 
 
 12
 Sanborn first argues that his testimony before the grand jury was the literal truth. In Bronston v. United States, 409 U.S. 352 (1973), the Supreme Court held a witness may not be convicted of "perjury for an answer, under oath, that is literally true but not responsive to the question asked and arguably misleading by negative implication." Id. at 353. See also United States v. Eddy, 737 F.2d 564 (6th Cir.1984). Sanborn argues that the principle of Bronston is applicable in this case and therefore, his conviction requires reversal. We disagree. Sanborn was asked, "Have you ever worked at a nightclub downtown called Chassy's even for one day?". He answered, "I knew the owners down there. I was introduced to them and I spent some time down there, but never as an employee." This answer can only be reasonably interpreted as a denial by Sanborn that he ever worked at Chassy's. If Sanborn would have simply acknowledged that he knew the owners of Chassy's and not denied that he was ever an employee his argument under Bronston would be plausible. In that instance his answer would have been the literal truth, albeit unresponsive. But Sanborn's answer was directly responsive to the question asked and was later found by a jury to be false. This conclusion is further supported by the exchange which directly preceded this one where Sanborn denied ever working in any bar.
 
 
 13
 Sanborn next argues that his false declarations were not material to a matter under investigation by the grand jury. The determination of materiality is a question of law for the court to decide. United States v. Richardson, 596 F.2d 157, 165 (6th Cir.1979) (quoting United States v. Giacalone, 587 F.2d 5, 6 (6th Cir.1978), cert. denied, 442 U.S. 940 (1979)). Because the question of materiality is a legal question, not a question of fact, the government need not prove materiality beyond a reasonable doubt. United States v. Berardi, 629 F.2d 723 (2dCir.), cert. denied, 449 U.S. 995 (1980); Giacalone, 487 F.2d at 7.
 
 
 14
 In its classic formulation, materiality is established where the false declaration has, "a natural effect or tendency to influence, impede, or dissuade the grand jury from pursuing its investigation...." Carroll v. United States, 16 F.2d 951, 953 (2dCir.), cert. denied, 273 U.S. 763 (1927). Merely potential interference with a line of inquiry is sufficient to establish materiality. Richardson, 596 F.2d at 165; see also United States v. Swift, 809 F.2d 320, 324 (6th Cir.1987). We find that the district court properly concluded that these statements were material as a matter of law. As an employee of Chassy's, Sanborn might have had access to information that was unavailable to a mere patron. The fact that Sanborn denied his employment at this particular establishment almost certainly chilled inquiry into the existence of that information.
 
 
 15
 Finally, Sanborn argues that the district court erred in permitting testimony concerning prior "bad acts" in violation of Fed.R.Evid. 404(b). As part of his defense, Sanborn called Gary Bennett to testify as to Sanborn's reputation for truth and veracity. Bennett testified that Sanborn's reputation was outstanding and that he had "never heard anything bad about him." During cross-examination, the government inquired:
 
 
 16
 Q. Were you aware of the indictment or when he fraudulently used Lorraine Weekland's (ph) credit card and charged a thousand dollars worth of tires without their permission?
 
 
 17
 The trial court overruled defense counsel's objection to this question.
 
 
 18
 Sanborn claims that the reference to the credit card fraud violated Fed.R.Evid. 404(b) and incurably prejudiced the jury.[1] We disagree. The law is clear that evidence of past criminal activity is inadmissible to show criminal propensity. See United States v. Davis, 707 F.2d 880, 884 (6th Cir.1983). However, Fed.R.Evid. 404(b) is inapplicable in this instance because this evidence was not elicited to prove that Sanborn acted in conformity with his character. Bennett testified as to Sanborn's reputation in the community for truth and veracity. Fed.R.Evid. 405(a) allows, on cross examination, inquiry into relevant specific instances of conduct. See Michelson v. United States, 335 U.S. 469 (1948). "If, as here, their direct testimony is addressed to community reputation, inquiry may be made about conduct, and even about charges, which may have come to the attention of the relevant community." United States v. Frost, 914 F.2d 756, 772 (6th Cir.1990) (quoting United States v. Curtis, 644 F.2d 263, 268 (3dCir.1981), cert. denied, 459 U.S. 1018 (1982)). Therefore, the government was permitted to question Bennett as to his knowledge of Sanborn's indictment or involvement in credit card fraud.
 
 
 19
 Therefore, for the reasons given above, we AFFIRM the judgment of the district court.
 
 
 
 [1]
 Sanborn also argues that the government, through this question, implied that he was under indictment for credit card fraud. However, a fair reading of the question posed by the government reveals that the reference to the indictment referred to the indictment which prompted Sanborn's trial