**UNITED STATES of America,
Plaintiff,**

v.

**Alberto Luna SEVERINO, Defendant.**

**CR. No. 09–349 (ADC).**

United States District Court,
D. Puerto Rico.

March 12, 2010.

---

Evelyn Canals–Lozada, United States Attorneys Office, District of Puerto Rico, San Juan, PR, for Plaintiff.

Joseph C. Laws, Victor J. Gonzalez–Bothwell, Federal Public Defender's Office, Hato Rey, PR, for Defendant.

## ORDER

BRUCE J. McGIVERIN, United States Magistrate Judge.

The defendant in this case, Alberto Luna Severino, is charged in the indictment with one count of illegal re-entry into the United States in violation of 8 U.S.C. § 1326(a) (Count One), and one count of immigration fraud in violation of 18 U.S.C. § 1546(a) (Count Two) (Docket No. 14). With respect to Count Two, the United States has filed a motion requesting that the court—and not the jury—make a determination that statements allegedly made by the defendant in his application for permanent residence status were material to the government's decision to issue him a permanent resident card. (Docket No. 57, 61). The defendant has opposed, arguing that this question must be submitted to the jury. (Docket No. 60). The presiding district judge has referred this and related motions to me for disposition (Docket No. 53), and I heard argument from the parties during a hearing held on March 9, 2010. (Docket No. 63, 67).

In *United States v. Gaudin*, a unanimous Supreme Court reiterated that the Fifth Amendment's due process clause, and the Sixth Amendment's right to jury trial, "require criminal convictions to rest upon a jury determination that the defendant is guilty of every element of the crime with which he is charged, beyond a reasonable doubt." 515 U.S. 506, 510, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995) (citing *Sullivan v. Louisiana*, 508 U.S. 275, 277–78, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993)). The Court applied this principle to the case of a defendant convicted of making false statements in a matter within the jurisdiction of a government agency in violation of 18 U.S.C. § 1001. The Court first found that the question of whether the defendant's false statement to the government agency was "material" was a mixed question of law and fact that "has typically been resolved by juries." *Id.* at 512, 115 S.Ct. 2310. The Court went on to hold that the "trial judge's refusal to allow the jury to pass on the 'materiality' of Gaudin's false statements infringed" the defendant's "right to have a jury determine, beyond a reasonable doubt, his guilt of every element of the crime with which he is charged." *Id.* at 522–23, 115 S.Ct. 2310.

A year after *Gaudin* was handed down, the First Circuit applied its holding in overturning a defendant's conviction for subscribing false corporate tax returns in violation of 26 U.S.C. § 7206(1). *United*

*States v. DiRico,* 78 F.3d 732 (1st Cir. 1996). In *DiRico,* as in *Gaudin,* the government conceded that materiality was an essential element of the crime that was charged. 78 F.3d at 735. The First Circuit found that it could "discern no obvious or substantive distinction between the 'materiality' element of 18 U.S.C. § 1001 [the statute at issue in *Gaudin* ] and the 'materiality' element of the crime with which DiRico was charged, *i.e.,* false subscription to a tax return in violation of 26 U.S.C. § 7206(1)." *Id.* Accordingly, the First Circuit reversed the defendant's conviction because the trial judge failed to submit the question of materiality to the jury.

I believe that the holdings of *Gaudin* and *DiRico* are controlling here. In this case, Count Two of the indictment charges that the defendant "did knowingly and unlawfully utter, possess, and use documents prescribed by statute or regulations as evidence of authorized entry into the United States, to wit: a United States Permanent Resident Card ..., which the defendant knew to be forged, procured by fraud, or otherwise unlawfully obtained, in violation of Title 18, *United States Code,* § 1546(a)." (Docket No. 14, p. 2).[1] Although Count Two does not specifically charge the defendant with making false statements, the government's theory of the case, as set forth in its motion and in its statements during the hearing, is that the defendant's permanent resident card was "procured by fraud" or "otherwise unlawfully obtained" within the meaning of the immigration fraud statute because the defendant provided false information in his application documents. Relying on this theory, the government has conceded that it is required to prove the defendant's false statements were material to the decision to issue the permanent resident card. (*See* Dockets No. 57; 61, p. 2; 67, p. 10, lines 2–7).[2] As I can "discern no obvious or substantive distinction between the 'materiality' element" at issue in this case and those at issue in *Gaudin* and *DiRico,*[3] it follows that the Constitution requires the question of "materiality" be submitted to the jury.

Nevertheless, the government points to the decision in *Kungys v. United States,* where the Supreme Court observed that " [a]lthough the materiality of a statement rests upon a factual evidentiary showing, the ultimate finding of materiality turns on an interpretation of substantive law. Since it is the court's responsibility to interpret the substantive law, we believe [it

1. Drafted as such, Count Two is brought under the first paragraph of 18 U.S.C. § 1546(a), which imposes criminal penalties on, *inter alia,* "[w]hoever knowingly ... utters, uses, attempts to use, possesses, obtains, accepts, or receives ... [any] document prescribed by statute or regulation for entry into ... the United States, knowing it to be forged, counterfeited, altered, or falsely made, or to have been procured by means of any false claim or statement, or to have been otherwise procured by fraud or unlawfully obtained." 18 U.S.C. § 1546(a).

2. At least three of the Justices in *Gaudin* questioned whether "materiality" is an element of the crime of making a false statement under 18 U.S.C. § 1001, but determined the Court need not address that issue since it was

conceded by the government. *Gaudin,* 515 U.S. at 524, 115 S.Ct. 2310 (Rehnquist, C.J., concurring). In the present case, given the government's similar concession, this court need not address whether "materiality" is an element of the crime charged in Count Two of the indictment brought under the first paragraph of 18 U.S.C. § 1546(a).

3. In fact, the definition of "materiality" advanced by the government in this case is the same as the concepts of materiality examined in *Gaudin* and *DiRico:* the statement must have a natural tendency to influence, or to be capable of influencing, the decision of the decision-making body to which it was addressed. *Compare* Docket No. 57, p. 4, *with Gaudin,* 515 U.S. at 509, 115 S.Ct. 2310, *and DiRico,* 78 F.3d at 736.

is proper to treat] the issue of materiality as a legal question.'" 485 U.S. 759, 772, 108 S.Ct. 1537, 99 L.Ed.2d 839 (1988), quoting *United States v. Abadi*, 706 F.2d 178, 180 (6th Cir.1983). In *Gaudin*, however, the Court distinguished its decision in *Kungys* by noting that the latter decision was made in the context of the Court's appellate review of the district court's non jury denaturalization proceeding, as opposed to a review of a criminal jury trial, and in the context of deciding whether the standard of materiality could be applied to the facts by the appellate court itself rather than requiring remand to the district court. 515 U.S. at 522, 115 S.Ct. 2310. The Court stated that "[i]t is hard to imagine questions more diverse than, on the one hand, whether an appellate court must remand to a district court for a determination of materiality in a denaturalization proceeding (*Kungys* ) and, on the other hand, whether the Constitution requires the finding of the element of materiality in a criminal prosecution to be made by the jury (the present case)." *Id.* Here, the issue is squarely whether the element of materiality in a criminal prosecution must be decided by the jury. The government's reliance on *Kungys* is therefore misplaced.

For the foregoing reasons, the government's motion that the court—and not the jury—determine the issue of materiality is **DENIED.**