**NOT RECOMMENDED FOR PUBLICATION**
File Name: 10a0435n.06

**No. 08-2485**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
**Jul 15, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| CORDELL SAIN, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

Before:  SILER and CLAY, Circuit Judges; GRAHAM, District Judge.[*]

**SILER**, Circuit Judge.  Cordell Sain appeals his conviction of possession of marijuana with intent to distribute and two related firearm charges.  He also challenges the substantive reasonableness of his sentence.  For the following reasons, we **AFFIRM**.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

Sain was convicted after a jury trial on three charges: possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D) ("Count One"); felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) ("Count Two"); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) ("Count Three").

On the date Sain was to be sentenced, he orally requested appointment of new counsel for sentencing.  The district court granted his request, appointed new counsel, and rescheduled the

_____

[*]The Honorable James L, Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

sentencing. On November 6, 2008, four days before Sain's rescheduled sentencing hearing, he filed a motion for new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure or, in the alternative, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, asserting ineffective assistance of trial counsel. Before ruling on that motion, the district court sentenced Sain to a term of imprisonment of 60 months on Count One, 108 months on Count Two, to be served concurrently, and 60 months on Count Three, to be served consecutive to Counts One and Two. This sentence was in excess of his Guidelines range.[1] Two days later, Sain filed a notice of appeal as to his conviction and sentence. In February 2009, the district court denied Sain's motion for new trial. Sain never filed a notice of appeal from the district court's denial of that motion.

## II. DISCUSSION

Sain argued in his brief that the district court erroneously denied his motion for new trial and, in the alternative, his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. However, at oral argument he conceded that we are without jurisdiction to review the district court's decision on that motion. *See United States v. Hatfield*, 815 F.2d 1068, 1073 (6th Cir. 1987) (concluding that without a timely noticed appeal or an extension of the time for filing a notice of appeal, we lack jurisdiction to review the district court's decision on a Rule 33 motion). Nonetheless, he contends that we should address the merits of his ineffective assistance of counsel and Fourth Amendment claims.

---

[1]Sain's total offense level was 23 and he had a criminal history category of III. Thus, the applicable Guidelines range for Counts One and Two was 57 to 71 months. He was also subject to a mandatory term of 60 months for Count Three that must be served consecutive to the sentences for Counts One and Two.

**A.  Ineffective Assistance of Counsel and Fourth Amendment Claims**

Although we do not have jurisdiction to review the district court's denial of his Rule 33 motion, it is conceivable that we could address his claim for ineffective assistance of counsel as a separate ground for appeal.  *See United States v. Goodlett*, 3 F.3d 976, 980 (6th Cir. 1993).  We generally "will not review an ineffective assistance of counsel claim raised for the first time on direct appeal because the record has not been sufficiently developed for assessing the merits of the allegation."  *Id.*  "However, if the record has been sufficiently developed to allow this court to evaluate counsel's performance, this court will consider the ineffective assistance claim . . . ."  *Id.*

Sain asserts that the record clearly establishes that trial counsel's performance was deficient, because counsel did not move to exclude the evidence found during the search of the residence in which he was found.  We disagree.  For example, there has been no factual development regarding Sain's standing to challenge the search of the residence or trial counsel's possible motives in failing to move to exclude that evidence.  "Given the fact-specific nature of the claims and the absence of a record directed at whether counsel's performance was deficient, we decline to address the merits of [Sain's] ineffective-assistance-of-counsel claims on direct appeal."  *United States v. Martinez*, 430 F.3d 317, 338 (6th Cir. 2005).  In addition, we cannot reach the merits of Sain's Fourth Amendment claim, because he did not raise it before the district court.  *See, e.g.*, *United States v. Scarborough*, 43 F.3d 1021, 1025 (6th Cir. 1994) ("Because defendant did not raise his Fourth Amendment objections at any time during the District Court proceedings, he has waived his right to object and we cannot now entertain these issues on appeal.").

**B. Jury's Request for Transcripts**

Sain argues that the district court's failure to provide the jury with transcripts of the testimony of two police officers upon its request violated his Sixth Amendment right to trial by an informed jury and was an abuse of discretion. During deliberations, the jury requested to read the testimony of two police officers. The court explained to the jury that it could not instantly produce a copy of the transcript, but that it could, if absolutely necessary, create copies of the transcript and provide them to the jury the next day. The court further instructed the jury to continue to deliberate without the transcript. However, the court informed the jury if it needed the transcript to reach a decision, the court would have the reporter prepare it. The jury returned its guilty verdict less than two hours later.

"When a jury submits questions during its deliberations," such as requests for transcripts, "it is within the discretion of the trial judge to deny or permit the request." *United States v. Toney*, 440 F.2d 590, 591-92 (6th Cir. 1971) (holding that trial court did not abuse its discretion in denying jury's request for transcripts where the jury had heard the testimony for three days). There is no recognized constitutional right to the production of trial transcripts to the jury. The district court's actions in this case cannot be construed as an abuse of its discretion.

**C. Sain's Sentence**

Sain challenges his sentence as substantively unreasonable, arguing that the district court failed to consider certain mitigating factors in sentencing him to an above-Guidelines sentence. "We review a district court's sentencing determination for reasonableness under a 'deferential abuse-of-discretion standard.'" *United States v. Petrus*, 588 F.3d 347, 351 (6th Cir. 2009) (quoting *United*

*States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007)). Sain challenges only the substantive reasonableness of his sentence.

When reviewing the substantive reasonableness of a sentence, we "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). When the sentence is outside the Guidelines range, as Sain's sentence is, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the [18 U.S.C.] § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* The district court thoroughly explained its conclusion that an above-Guidelines sentence was warranted in Sain's case. The court's sentencing opinion and order indicated that it considered the § 3553(a) factors and concluded that a within-Guidelines "term of imprisonment would not be sufficient to accomplish the objectives of . . . Section 3553(a)." In particular, the court emphasized Sain's lengthy criminal history, including five prior felony convictions. Although Sain received relatively little imprisonment time for those convictions, he consistently violated his probation and was subject to additional time in prison for those violations. Additionally, he committed the current offense while he was released on bond awaiting trial for a separate federal drug charge. The court focused on the fact that the penalties previously imposed on Sain did not appear to deter adequately his criminal behavior and that additional imprisonment was necessary to protect the public from his future crimes. Accordingly, the district court concluded an above-Guidelines sentence was appropriate. Although it did not directly mention the mitigating factors upon which Sain relies—his lack of education, difficult childhood environment, lack of parental guidance, and early exposure to alcohol and marijuana—the court indicated that it considered all

arguments presented to it.  Moreover, the record supports the conclusion that the sentence was

reasonable.

**AFFIRMED.**