UNITED STATES of America,
Plaintiff-Appellee,

v.

John Ivie CHANDLER,
Defendant-Appellant.

No. 84–5468.

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 29, 1984.

Decided Jan. 22, 1985.

Dudley W. Taylor, argued, Ambrose, Wilson & Grimm, Knoxville, Tenn., for defendant-appellant.

John W. Gill, U.S. Atty., Marilyn L. Hudson, argued, Knoxville, Tenn., for plaintiff-appellee.

Before KEITH and CONTIE, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PHILLIPS, Senior Circuit Judge.

Defendant John Ivie Chandler appeals his conviction for three counts of submitting false documents to an agency of the United States as proscribed by 18 U.S.C. § 1001.[1] Chandler was convicted by a jury of submitting three false documents to the Internal Revenue Service to support a casualty loss deduction he and his wife, Mrs. Lucy L. Chandler, claimed on their 1979 income tax return. He was sentenced on May 18, 1984 to a fine of $10,000.00 for each count and was placed on probation for a period of five years. A special condition of his probation was payment of his 1979 income taxes within one year, unless not assessed by that time, and payment of the fine within two years. Chandler appeals from his conviction and sentence.

## I

In June 1979, the Chandlers' home was burglarized and several items were taken. They prepared a list of missing items for the Knox County Sheriff's Department, including 61 pieces of silver flatware valued at $4,479.75, a Polaroid Land Camera val-ued at $164.97, some firearms, and other items. The prices listed for the silverware correspond to suggested retail prices of the manufacturer, Gorham Textron, for June 1-23, 1979. The Chandlers prepared a similar list of items, with the same assigned values, for submission to their insurance company.

The insurance company conducted its own investigation to determine the replacement values of the stolen items. It determined that the value of the flatware was $1,559.68 and the total loss amounted to $9,637.68. The Chandlers had claimed a total loss of $13,784.32. The insurance agent informed them that, due to the limits of their policy, the total allowable claim was $3,378.00. The coverage limit for the silverware was $1,000.00.

Mrs. Chandler contacted the insurance agent to disagree with the company's total loss figure. The Chandlers crossed out the insurance company's figure and inserted their own total loss figure on their sworn statement and proof of loss, although this had no effect on the claim because of policy limits. The Chandlers received the policy limit of $3,378.00.

In January or February, 1980, defendant prepared the family's tax return for 1979, claiming a total casualty loss of $28,529.00. Rather than using the $4,479.75 or $1,559.68 figures for the silverware, defendant claimed the value of the silverware as $21,707.00. In support of the claim, the Chandlers attached computations as well as a copy of the Sheriff's report and the letter from the insurance adjuster. The letter from the adjuster was altered to reflect a total loss of $28,025.00 rather than $9,637.68. The Sheriff's report was changed to reflect 64 stolen silver pieces rather than 61, and the value of the flatware was listed as $21,707.00 rather than $4,479.75 as originally claimed. Based on

---

1. 18 U.S.C. § 1001 provides:

   **§ 1001. Statements or entries generally**

   Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both.

this claim, the Internal Revenue Service issued the Chandlers a refund check for $6,722.89. They paid $11.00 in taxes for 1979.

The Internal Revenue Service selected the return for an audit and defendant met with auditor Ms. Betty Weldon on September 5, 1980. Defendant informed the auditor that he had used replacement values for the casualty loss figures. He stated that he arrived at the $21,707.00 figure from inquiries he had made at a department store to determine the replacement cost of the lost silverware. The auditor emphasized that casualty loss deductions must be based on the lesser value of the original cost or the replacement cost. *See* 26 C.F.R. § 1.165–7(b) (1984). Stressing that the original cost was controlling because of recent increases in the cost of silverware, the auditor requested defendant to produce figures for original cost. Defendant was presented with a document to this effect.

At a second meeting held two weeks later, the Chandlers met with the examiner and produced a document to support the loss claim for the camera. Mr. Chandler produced a receipt for a Polaroid camera costing $199.99. The receipt had a falsified date—8-9-79 was changed to 8-19-78. Defendant told the auditor that the receipt represented the purchase of a camera prior to the burglary.

The Chandlers stated that they had been unable to obtain prices for the silverware, indicating difficulty in arriving at the purchase dates. The silver was obtained over a twenty year period from 1959-1979. The auditor suggested they write to the manufacturer and obtain prices for 1969. At a third meeting on October 28, 1980, the Chandlers produced a letter Mrs. Chandler had written to Gorham Textron and a price list itemizing items of silverware and their costs. This list had the Gorham name at the top and was dated October 2, 1980. It listed 88 pieces of silver with a total value of $14,036.25.

The Gorham list actually was not sent by Gorham and was not signed by a representative of the company. The examiner asked the Chandlers if it was sent by the Gorham Company in response to their inquiries and they both nodded in the affirmative. The values on the letter represented those in the Gorham catalog for August 3-September 20, 1980, although the catalog noted that there were sales offering savings discounts up to fifty percent off. The Chandlers provided the auditor with the name of the Gorham employee with whom Mrs. Chandler had been in contact to obtain a price list. Gorham replied by letter suggesting that Mrs. Chandler provide the general Gorham price list to the auditor, but did not send her the particularized list and letterhead she had requested.

## II

Defendant was charged with three counts of violating 18 U.S.C. § 1001. Count 1 was based on the falsified insurance claim letter submitted with the tax return; Count 2 was based on the Sears receipt for the camera with the altered date; and Count 3 was based on the purported Gorham letter. Defendant challenges his conviction of all three counts, contending that there was insufficient evidence to support his conviction, that he was denied a fair trial, and that his sentence was excessive.

The elements of the § 1001 offense are that (1) the defendant made a statement; (2) that it false or fraudulent; (3) and material; (4) made knowingly and willfully; (5) and within the jurisdiction of a federal agency. *United States v. Irwin*, 654 F.2d 671, 675–76 (10th Cir.1981) (and cases cited thereon), *cert. denied*, 455 U.S. 1016, 102 S.Ct. 1709, 72 L.Ed.2d 133 (1982); *United States v. Lichenstein*, 610 F.2d 1272, 1276 (5th Cir.), *cert. denied*, 447 U.S. 907, 100 S.Ct. 2991, 64 L.Ed.2d 856 (1980). Defendant concedes that the statements were within the jurisdiction of a federal agency.

Defendant focuses his attack on the district court's conclusion that the statements were material. Materiality under § 1001 is a question of law. *United States*

*v. Abadi,* 706 F.2d 178, 180 (6th Cir.), *cert. denied,* — U.S. —, 104 S.Ct. 86, 78 L.Ed.2d 95 (1983). It is not an element of the offense that must be proved beyond a reasonable doubt but a "judicially-imposed limitation to insure the reasonable application of the statute." *Id.* at 180 n. 2. The materiality requirement is read into the second clause of § 1001 "in order to exclude trivial falsehoods from the purview of the statute." *Id.* at 180 (citing *United States v. Beer,* 518 F.2d 168, 170–71 (5th Cir.1975)).

■■ We hold that the district court did not err in instructing the jury that the three statements were material. Materiality is established where the false statement "had a natural tendency to influence, or was capable of influencing, the decision" of the agency. *See Weinstock v. United States,* 231 F.2d 699, 701–02 (D.C.Cir.1956). There was clear support for the district judge's findings of materiality in the testimony of the Internal Revenue Service auditor.

The auditor testified that the altered letter, the altered receipt for the camera, and the false Gorham letter all could affect the calculation of tax liability. Conceding that it is difficult to establish original cost values for items purchased long ago, the auditor testified that the altered letter from the insurance company, which the Chandlers included in their tax return, could have induced the Internal Revenue Service to rely on the Chandlers' casualty loss figures. She testified further that the receipt for the camera with the altered date and the Gorham letter could have led her to adopt their figures. This supports the conclusion that the false statements were capable of influencing the decision of the Internal Revenue Service.

A materiality determination is subject to complete review on appeal and is not controlled by the clearly erroneous standard. *Lichenstein,* 610 F.2d at 1278. Review is not precluded by a failure to object at trial, so long as there is a timely appeal. We conclude that the district court's finding of materiality is supported amply by the evidence. The statements had a natural tendency to influence agency decision making. It is immaterial that the statements ultimately did not influence the agency. *Lichenstein,* 610 F.2d at 1278 (citation omitted); *United States v. Goldfine,* 538 F.2d 815, 820–21 (9th Cir.1976).

## III

Appellant also challenges the jury verdict, contending that there was insufficient evidence of his specific intent to submit false documents. At trial, defense counsel attempted to create the impression that appellant attempted to show the replacement value of the stolen camera through the sales receipt. Appellant also argued that the altered insurance letter was included in the tax return by Mrs. Chandler and that Mrs. Chandler produced the falsified Gorham letter. Mrs. Chandler was not indicted because of poor health.

In reviewing the convictions, this Court may not reverse the jury's verdict if there is substantial evidence to support it. *United States v. Stone,* 748 F.2d 361, (6th Cir. 1984); *United States v. Levinson,* 405 F.2d 971, 985 (6th Cir.1968), *cert. denied,* 395 U.S. 906, 89 S.Ct. 1746, 23 L.Ed.2d 219 (1969). The Court must construe the evidence in the manner most favorable to the Government. *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1941); *United States v. Green,* 548 F.2d 1261, 1266 (6th Cir.1977).

Defendant testified that he left everything in Mrs. Chandler's hands once he discovered the policy limits and listed the values of the stolen guns. He admitted preparing the family's tax return and being aware of the falsified letter from the insurance company. While admitting that he prepared the tax return to reflect the total loss figures for the altered letter, he testified that his wife sent the altered letter without his knowledge.

■■ The jury could conclude rationally from this testimony and the circumstances of the claim that defendant's version of events was not credible. Defendant admit-

ted knowing the letter was false, the letter was submitted with the return he prepared, and his figures and calculations are based on the falsified letter. There was an adequate basis for the jury's verdict of willfulness. Whether defendant believed the altered figure of total loss was based on actual replacement cost is irrelevant to the issue of whether he submitted a false document.

Likewise, there was sufficient evidence for the jury to convict on Count 2—falsification of the date on the sales receipt for the camera. Defendant contends that he produced the sales receipt merely to show the replacement value and that the auditor changed the date based on this misunderstanding. The date was altered at the top of the receipt to reflect a purchase before the burglary. The computerized date at the bottom showed the purchase was after the burglary. Defendant contends he did not represent the receipt to be for the stolen camera.

There is substantial evidence to support the verdict. The auditor testified that at the first meeting with defendant, she emphasized repeatedly that she was concerned only with the original cost and date of acquisition. The Chandlers returned with this altered receipt. The auditor testified that defendant, in response to her inquiries, responded that the receipt represented the purchase of a camera prior to the burglary. Moreover, despite the price difference between the original claim and the amount on the receipt, the auditor believed the receipt was for the original purchase. The evidence established deliberate misrepresentation.

There also was sufficient evidence to convict with respect to Count 3—the Gorham letter. Defendant testified that he did not represent this letter as having been prepared by the manufacturer. He emphasizes that he and his wife had attempted to persuade the auditor to contact Gorham directly and had given her the name of a Gorham representative. He argues that he made no attempt to deceive the Internal Revenue Service auditor.

The auditor testified, however, that the Chandlers provided the Gorham letter at the third meeting and, when asked whether the letter was a response from Gorham, they both nodded in the affirmative. The auditor had emphasized the need for price information directly from Gorham for the year 1969. The Gorham letter was represented as a response from Gorham. It had the Gorham letterhead attached to a list of 1980 prices and newly-claimed items prepared by Mrs. Chandler. There is substantial evidence to support the verdict of intentional misrepresentation. Whatever merit there might be to appellant's argument that the documents were intended to present only replacement value, this does not affect the finding that he submitted false documents to support his claim.

## IV

Appellant challenges the fairness of his trial and sentence. He argues that the district judge erred by refusing to allow witnesses to examine documents during their testimony. Appellant made no contemporaneous objections to the rulings in question. The rulings therefore must be examined under the plain error standard of Fed.R.Crim.P. Rule 52(b). *Abadi*, 706 F.2d at 181; *United States v. Smith*, 561 F.2d 8, 13 (6th Cir.), *cert. denied*, 434 U.S. 958, 98 S.Ct. 487, 54 L.Ed.2d 317, 434 U.S. 972, 98 S.Ct. 524, 54 L.Ed.2d 461 (1977); 434 U.S. 1019, 98 S.Ct. 741, 54 L.Ed.2d 766, 434 U.S. 1048, 98 S.Ct. 897, 54 L.Ed.2d 800 (1978). Reviewing the record as a whole, we do not find any reversible error or clear abuse of discretion by the district judge in the conduct of the trial. Counsel for both sides were free to conduct extensive direct and cross-examinations. The questions posed by the district judge to witnesses were permissible and did not focus the questioning in favor of the Government. *See Smith*, 561 F.2d at 14.

Finally, the sentence imposed is not improper or excessive. District Judge Thomas G. Hull replaced Judge Robert L. Taylor, the presiding judge, only for sentencing. Appellant contends Judge Hull

was prejudiced unfairly by inflammatory remarks in the prosecutor's statement of facts. Specifically, he challenges the prosecutor's alleged statement that defendant denied knowing that his wife had altered the letter from the insurance company, the statement that defendant, rather than Mrs. Chandler, handed the camera receipt to the auditor, and the statement that the list of silver grew each time it was changed. The list of silver did show an increase in the items claimed. The jury's verdict encompasses a finding that defendant submitted the camera receipt. There was no significant misstatement about defendant's lack of knowledge of his wife's alteration of the letter from the insurance company. The prosecutor stated only that defendant never told Mrs. Chandler it was wrong to send the altered letter.

Nor is the sentence improper in light of defendant's poor health and previous good reputation. The judge rejected the prosecutor's arguments in favor of a period of incarceration. The fine imposed serves permissibly the goal of general deterrence.

Accordingly, the conviction and sentence of defendant are AFFIRMED.