885 F.2d 871
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Appellee,
v.
Kenneth J. LOWERY, Defendant-Appellant.
 No. 88-3915.
 United States Court of Appeals, Sixth Circuit.
 Sept. 25, 1989.
 
 Before NATHANIEL R. JONES, KENNEDY and WELLFORD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant, Kenneth J. Lowery, appeals his jury verdict for making a false statement to agents of the Federal Bureau of Investigation in violation of 18 U.S.C. Sec. 1001 (1982). For the following reasons, we affirm the judgment of the district court.
 
 I.
 
 2
 In the early morning hours of June 2, 1985, unknown persons "firebombed" the Gant family residence. Mabel Gant, an elderly woman, was unable to escape and died in the fire. Seven other members of the household escaped unharmed. The Gants were the only black family on their street in the predominantly white Slavic Village area of Cleveland, Ohio.
 
 
 3
 Both the Federal Bureau of Investigation ("FBI") and the Cleveland Police Department simultaneously investigated the firebombing. As a result of these investigations, police officers searched Lowery's basement and found firebombs, mason jars, lids and wicks. In addition, the FBI found witnesses who reported that Lowery had made racist and threatening comments directed toward the Gants on several occasions.
 
 
 4
 FBI agents interviewed Lowery on February 24, 1986. During the interview Lowery stated that on the evening of June 1, 1985, he had been out drinking with his brother and two friends Darrell Kraynak and Greg Lorince. He further stated he had returned home at 11:30, was in bed by midnight and did not wake or leave his home until 9 a.m. the next morning.
 
 
 5
 In contradiction to Lowery's story, FBI agents subsequently obtained statements from Janet Biggins, Edward Schroedel and James Beechuck. They asserted to the FBI that on June 1, 1985, Lowery had been "riding around" with them until approximately 12:30 a.m. on June 2, 1985, at which time Schroedel and Beechuck dropped Lowery and Biggins off near Lowery's house. Biggins claimed that she and Lowery talked for approximately one half hour, that at approximately 1:00 a.m. Lowery walked her home, and that she did not know where Lowery went after he left her.
 
 
 6
 Lowery was indicted by a federal grand jury on January 21, 1988, for making a false statement to the FBI in violation of 18 U.S.C. Sec. 1001. A jury trial was held on April 1988, at which Lowery was found guilty as charged. On August 22, 1988, Lowery was sentenced to two years imprisonment. This appeal followed.
 
 II.
 
 7
 In order obtain a conviction for a violation of 18 U.S.C. Sec. 1001, the government must prove that: 1) the defendant made a statement; 2) the statement was false or fraudulent; 3) the statement was material; 4) the statement was knowingly and willfully made and 5) the statement was made regarding a matter within the jurisdiction of a federal agency. United States v. Chandler, 752 F.2d 1148, 1151 (6th Cir.1985) (citation omitted).
 
 A.
 
 8
 Lowery's first claim on appeal is that the district court erred in finding that his statement to the FBI was material. A materiality determination under Sec. 1001 is established "where the false statement 'had a natural tendency to influence, or was capable of influencing, the decision' of the agency." United States v. Chandler, 752 F.2d 1148, 1150-51 (quoting Weinstock v. United States, 231 F2d 699, 701-02 (D.C.Cir.1956). Determining whether a statement is material is a question of law to be decided by the district court, see, United States v. Abadi, 706 F.2d 178, 180 n. 2 (6th Cir.1983). However, it is subject to complete review on appeal and is not subject to the clearly erroneous standard. Chandler, 752 F.2d at 1151.
 
 
 9
 The facts presented to the district court indicated that Lowery was a prime suspect in the firebombing investigation. Although the FBI was not obligated to place much credence in Lowery's representations concerning his whereabouts, statements from a suspect to Government investigators have the "natural tendency" to influence the manner in which an investigation is conducted. For example, a false statement made by a suspect can impede the investigation by concealing the identities of potential government witnesses. Therefore, we affirm the district court's ruling that the statement given by Lowery to the FBI was material under Sec. 1001.
 
 
 10
 Lowery also claims that the trial court's jury instruction that materiality must be proven beyond a reasonable doubt, when coupled with the court's further instruction that Lowery's statement to the FBI was material, led the jury to believe that the issue of materiality had been proven beyond a reasonable doubt. Lowery further claims that the effect of this error was to lead the jury to believe that the remaining elements of the offense had been established beyond a reasonable doubt.
 
 
 11
 While we agree that the trial court incorrectly instructed the jury regarding the materiality issue we hold that this instruction was harmless error. See, Abadi, 706 F.2d at 180 n. 2. The instructions clearly and properly informed the jurors that it was their responsibility to decide whether the "falsity" and "willfulness" elements of the charge had been proven beyond a reasonable doubt. Thus, despite the district court's error, since the materiality finding did not bind the jurors in any way, we reject Lowery's argument.
 
 B.
 
 12
 Lowery contends that police testimony relating to the firebombs which were found in his basement should not have been presented in front of the jury. He relies on United States v. Vap, 852 F.2d 1249, 1254 (10th Cir.1988) and United States v. Damato, 554 F.2d 1371, 1373 (5th Cir.1977). However, in Vap, the government did not allege that any of the evidence on materiality was relevant to proper jury issues and advanced no other reason for a jury to remain in the courtroom during a materiality hearing. Vap, 852 F.2d at 1254. The court in Damato stated that evidence bearing solely on materiality should be received outside the presence of the jury. Damato, 554 F.2D at 1373. Courts have permitted juries to hear evidence on materiality when that evidence is also relevant to another issue properly before the jury. See, United States v. Langella, 776 F.2d 1078, 1081 (2nd Cir.1985), cert. denied, 475 U.S. 1019 (1986). In the instant case, the challenged testimony was relevant to the issues of "falsity" and "willfulness" as well as the materiality issue. The firebombs in the basement implicated Lowery and provided the reason for lying about his activities. The strong motivation for lying made it more likely that Lowery's falsehoods were willful. Since determining whether a statement is false, and whether a defendant willfully made a false statement, are questions for the jury, the district court did not err in permitting the challenged testimony to be presented in the presence of the jury.
 
 C.
 
 13
 Lowery's third assignment of error is that the district court improperly refused to exclude certain testimony under Rule 403 of the Federal Rules of Evidence. Specifically, he claims that the testimony of Mary Gant concerning her escape from the firebombed house and the testimony of other witnesses regarding racist statements allegedly made by Lowery, should have been excluded. The admissibility of relevant, potentially prejudicial evidence under Rule 403 is placed within the sound discretion of the trial court. United States v. Brady, 595 F.2d 359, 361 (6th Cir.1979), cert. denied, 444 U.S. 862, 100 S.Ct. 129, 444 L.Ed.2d 84 (1979). A reviewing court must look at the evidence in a light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect. Id. Moreover, a jury is entitled to know the factual circumstances surrounding a case, because it "cannot be expected to make its decision in a void--without knowledge of the time, place and circumstances of the acts which form the basis of the charge." United States v. Roberts, 548 F.2d 665, 667 (6th Cir.1977), cert denied, 431 U.S. 920, 931, 97 S.Ct. 2188, 2636, 53 L.Ed.2d 232, 246 (1977).
 
 
 14
 Mary Gant's testimony essentially consisted of a straightforward recitation of the facts surrounding the firebombing and Mabel Gant's death. Witness reports of Lowery's alleged racist statements contained threats that may have been prejudicial. However, these facts clearly provide a factual setting for the charges against Lowery, and illustrate his motivation for making a false statement to the FBI. We therefore conclude that the jury was entitled to hear this testimony and in order to know the "setting" behind Lowery's statement to the FBI. Therefore, we affirm the district court's ruling that the probative value of the evidence was not substantially outweighed by any prejudicial effect it may have had.
 
 D.
 
 15
 Lowery's final contention is that there was insufficient evidence to sustain his conviction. The jury's verdict in a criminal case must be sustained if there is substantial evidence to support it, taking the view most favorable to the Government. United States v. Scartz, 838 F.2d 876, 878 (6th Cir.1988), cert. denied, 109 S.Ct. 303, 102 L.Ed.2d 322 (1988) (citations omitted). Viewing the evidence in a light most favorable to the Government, we must sustain the verdict if a rational juror could have found, beyond a reasonable doubt, that Lowery committed the charged offense.
 
 
 16
 The Government presented testimony from three witnesses that contradicted Lowery's statement to the FBI regarding his whereabouts on the morning of June 2, 1985. Furthermore, one of those witnesses testified that Lowery instructed him to lie to the police if he were questioned about Lowery's whereabouts. Finally, given the firebombs found in his basement, the Government presented ample evidence of Lowery's motive to falsify his statement to the FBI. Based on this evidence, we find that there was substantial evidence to sustain Lowery's conviction for violating 18 U.S.C. Sec. 1001.
 
 III.
 
 17
 Because we find the defendant's arguments to be without merit, we thereby AFFIRM the district court's decision.