916 F.2d 713
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ryan J. COFER, Defendant-Appellant.
 No. 89-3920.
 United States Court of Appeals, Sixth Circuit.
 Oct. 19, 1990.
 
 Before KENNEDY and KRUPANSKY, Circuit Judges, and ENGEL, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Defendant-appellant Ryan Cofer ("defendant") appeals from his conviction based on violations of 18 U.S.C. Sec. 1461, mailing obscene matter, 18 U.S.C. Sec. 2251(a), sexual exploitation of children, and 18 U.S.C. Sec. 2252(a)(1), mailing materials involving sexual exploitation of minors. Defendant claims a violation of his due process rights based on the government's outrageous conduct; challenges the sufficiency of the evidence to sustain his conviction under section 2251(a); and attributes error to the District Court's upward departure from the Federal Sentencing Guidelines. For the reasons stated below, we AFFIRM.
 
 
 2
 Defendant was indicted in an eight-count indictment. Counts one, two and six charged that defendant sexually exploited minors in violation of 18 U.S.C. Sec. 2252. Counts three and seven charged that defendant sexually exploited children in violation of 18 U.S.C. Sec. 1461. Counts four and five charged that defendant sexually exploited children in violation of 18 U.S.C. Sec. 2251. Count eight involved the criminal forfeiture of the Polaroid camera allegedly used to produce the child pornography in Counts four, five and six in violation of 18 U.S.C. Sec. 2253.
 
 
 3
 Defendant filed a motion to dismiss on May 19, 1989, alleging, among other things, outrageous government conduct. The District Court denied this motion. Defendant then entered guilty pleas to counts six, seven and eight on June 12, 1989, and waived a trial by jury. A bench trial was conducted on the remaining counts. The District Court returned guilty verdicts on counts one, two and four and not guilty verdicts on counts three and five. After a presentencing hearing, the District Court sentenced defendant to 120 months incarceration on counts one, two, four and six, and a term of 60 months on count seven, all such terms to be served concurrently. Defendant appeals his conviction and sentence.
 
 
 4
 Defendant's conviction stems from an investigation initiated by the Columbus Police Department. Detective Munsch ("Munsch"), working in an undercover capacity, placed an ad in a magazine called the Inner Circle, known in common parlance as a "swinger's" magazine. The ad stated: "MARK W. STEVENS, PO BOX 623, WESTERVILLE, OHIO 43081 INTERESTS: Pedophilia, Incest, Swingers. 1/12."
 
 
 5
 Defendant wrote to "Mark Stevens," the undercover identity used by Munsch, on October 13, 1988, indicating his interest in "Ped" and suggesting that they "share/trade information and/or pics on the subject." Munsch wrote to defendant on October 21, 1988, affirming defendant's suggestion to share pedophilia-related materials. Defendant then sent to Munsch a commercially available book of photographs depicting young females and a set of slides of female minors in cheerleading uniforms, fully clothed. The letter enclosed with this material stated that defendant did not own any real "hardcore" material, except for "some 1/2 nudes of a ten year old friend and some beach photos"; thus, "anything/everything is appreciated." On October 27, 1988, Munsch sent to defendant three Polaroid copies of photographs from a commercial magazine. Although these pictures portrayed partial nudity, none of them exposed the genital area of any of the subjects.
 
 
 6
 On or about November 14, 1988, defendant mailed to Munsch twelve photographs of female minors, two pictures of which exposed the genital areas of the subjects. The accompanying letter acknowledged that one of the subjects had posed for defendant "for I don't know how long." Defendant also renewed his request for magazines and other photographs. Not hearing from Munsch, defendant sent another letter on or about November 23, 1988, stating that he was anxious to hear from him. On or about January 19, 1989, defendant sent yet another letter to Munsch. Defendant expressed concern about the breakdown of communications and stated that he had "new material" which he would send elsewhere if Munsch did not respond soon.
 
 
 7
 Further correspondence ensued during the next few months. Munsch sent more pictures of minors, none of which exposed the genital areas of the subjects. Munsch also sent to defendant a commercially available videotape which, according to Munsch's testimony at trial, did not contain any nudity of the minors appearing therein. Defendant sent to Munsch more pictures of minors which exposed the subjects' genital areas. Defendant's correspondence disclosed information valuable to the police during this period: revealing the names of the subjects in the pictures; admitting that he had taken the pictures sent to Munsch; describing his past sexual molestations of some of the subjects in the pictures; and providing information regarding planned future molestations.
 
 
 8
 Based on the material and information received from this correspondence, law enforcement officers obtained a search warrant for defendant's residence. Duplicates of some of the photos sent to the detective were discovered. Also found was a suitcase filled with homemade child pornography created by superimposing cutouts of adult males engaged in sexually explicit acts with minors. There were 513 such cutouts.
 
 
 9
 Defendant contends that the government agents employed fundamentally unfair investigative tactics, thereby depriving him of his right to due process under the fifth amendment. Specifically, defendant points to the government's use of photographs depicting partially naked minors and the government's encouragement of defendant to send sexually explicit photographs. Defendant's argument requires this Court to examine the limits, if any, that may be imposed upon law enforcement officials who are conducting investigations in order to apprehend violators of federal child pornography statutes.
 
 
 10
 The outrageous government conduct defense bars government prosecution of a defendant when the conduct of law enforcement agents is so outrageous as to deny defendant the protection accorded under the due process clause of the fifth amendment. The defense seeks to deter overzealous investigative conduct by the government which violates "fundamental fairness" and is "shocking to the universal sense of justice." United States v. Russell, 411 U.S. 423 (1973). The application of this defense, however, is reserved for only the most intolerable government conduct. United States v. Esch, 832 F.2d 531 (10th Cir.1987), cert. denied, 485 U.S. 991 (1988).
 
 
 11
 This Court examines four factors when determining whether specific government conduct offends constitutional due process protections: (1) the need for the type of government conduct in relationship to the criminal activity; (2) the preexistence of a criminal enterprise; (3) the level of the direction or control of the criminal enterprise by the government; and (4) the impact of the government activity to create the commission of the criminal activity. United States v. Johnson, 855 F.2d 299 (6th Cir.1988). Based on these factors, we find no violation of due process in the instant case.
 
 
 12
 First, the nature of this illegal activity justifies this type of government conduct. The transmission of child pornography through the mail is a difficult crime to detect. Limited means exist to discover the occurrence of this crime because, as the Johnson Court noted, the acts occur within a "shroud of secrecy." Id. at 305. The covert nature of this illegal activity mandates that the government be given considerable leeway in conducting such criminal investigations. The Supreme Court has emphasized that the police may use artifice and stratagem during the course of an investigation. E.g., Russell, 411 U.S. at 432. Therefore, the use of an advertisement in Inner Circle magazine and personal correspondence, including the use of photographs which did not violate the federal child pornography laws, by a police detective posing as a pedophilic collector was warranted under these circumstances.
 
 
 13
 Second, the record discloses evidence of a preexisting criminal enterprise. Defendant's voluntary response to the advertisement, indication of an interest in "Ped" in his initial letter, offer to trade pictures/information and subsequent correspondence indicate that defendant was involved in child pornography activity prior to the investigation.
 
 
 14
 Third, the government's conduct exerted minimal direction or control over defendant's criminal activities. Defendant initiated contact with Munsch by voluntarily responding to a government-placed advertisement in a sexually-oriented magazine. Defendant repeatedly expressed to Munsch his interest in and desire for pedophilia-related materials. Defendant mailed photographs that violated the federal child pornography laws notwithstanding his failure to receive the same type of photographs from Munsch. Certainly the government demonstrated an interest in receiving such material from defendant; but such action cannot be characterized as a significant influence on the direction or control of defendant's criminal acts.
 
 
 15
 Finally, the government's conduct did little to create the commission of the criminal activity. The government did not render any assistance to defendant in producing or mailing the photographs which led to his conviction. Although the government did receive in the mail the photographs for which defendant was convicted, this act did not play a significant role in the commission of the crime. Indeed, defendant told Munsch that if Munsch did not respond quickly he would send his pictures elsewhere. Thus, it appears that defendant would have committed this crime absent government involvement. Moreover, other courts have rejected due process claims in cases involving much greater government involvement in the commission of the crime. See, e.g., Russell, 411 U.S. at 432 (government provided necessary ingredient for production of methamphetamine); United States v. Swanger, 679 F.Supp. 542 (W.D.N.C.1988) (government mailed video cassettes to defendant at his request, the reception of which resulted in his conviction). Hence, defendant has failed to show that the government's conduct significantly impacted on the commission of the crime.
 
 
 16
 Defendant maintains that there was insufficient evidence to sustain a conviction for violation of 18 U.S.C. Sec. 2251(a).[1] Defendant argues that there is no evidence to prove that he coerced the minor to engage in sexually explicit conduct. Defendant further argues that there is no evidence to prove that any action taken by defendant was done for the purpose of taking photographs, a necessary element of the crime.
 
 
 17
 The United States Supreme Court has set the standard for an appellate court's review of the sufficiency of the evidence in a criminal case:
 
 
 18
 It is not for us to weigh the evidence or to determine the credibility of a witness. The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it.
 
 
 19
 Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Chandler, 752 F.2d 1148, 1151 (6th Cir.1985). This Court also has stated:
 
 
 20
 [W]e must view the evidence and all reasonable inferences in the light most favorable to the government.... If the evidence is such that we conclude that a reasonable mind might fairly find guilt beyond a reasonable doubt, the issue is one for the jury.
 
 
 21
 United States v. Gibson, 675 F.2d 825, 829 (6th Cir.) (citation omitted), cert. denied, 459 U.S. 972 (1982).
 
 
 22
 The evidence presented at trial clearly supports defendant's conviction for violating 18 U.S.C. Sec. 2251(a). The evidence demonstrates that defendant took steps to induce the minors to engage in sexually explicit conduct for the purpose of producing photographs of such conduct. Thus, defendant's arguments are unconvincing.
 
 
 23
 Yet, even if such evidence fails to show that defendant coerced the minors, the evidence is still sufficient to uphold defendant's conviction. The statute states that any person who uses a minor for the purposes prohibited by section 2251(a) shall be guilty of violating the statute. With respect to defendant's acts vis-a-vis the "use" of a minor under section 2251(a), the evidence is sufficient if it proves that defendant knew of the character and content of the visual depiction. See United States v. Reedy, 632 F.Supp. 1415 (W.D.Okla.1986), aff'd, 845 F.2d 239 (10th Cir.1988), cert. denied, 109 S.Ct. 1318 (1989). The government need not prove that defendant coerced and used a minor for purposes prohibited by the statute; rather, proof of one of these elements is sufficient to establish a violation of section 2251(a). The evidence presented at trial sufficiently supports defendant's conviction under section 2251(a).
 
 
 24
 Based on evidence presented at the presentencing hearing, the District Court found that defendant had sexually abused some of the minors who were subjects of the photographs. The District Court concluded that these actions justified the application of sections 5K2.8[2] and 5K2.9[3] and an upward deviation of two levels. The District Court imposed a sentence of 120 months.
 
 
 25
 This Court applies a three-prong test to determine whether an upward departure is reasonable:
 
 
 26
 First, we assay the circumstances relied upon by the district court in determining that the case is sufficiently "unusual" to warrant departure.
 
 
 27
 .............................................................
 
 
 28
 ...................
 
 
 29
 * * *
 
 
 30
 Second, we determine whether the circumstances, if conceptually proper, actually exist in the particular case....
 
 
 31
 Third, ... the direction and degree of departure must, on appeal, be measured by a standard of reasonableness.
 
 
 32
 United States v. Joan, 883 F.2d 491, 494 (6th Cir.1989). The Guidelines Manual permits a court to consider relevant conduct of defendant in making its sentencing determination. United States Sentencing Commission, Guidelines Manual Sec. 1B1.3, at 1.18 (Nov.1989). Relevant conduct includes evidence of the commission of an offense for which the defendant is not charged and which is related to the offense for which the defendant is convicted. Id. Sec. 1B1.3(a)(1), at 1.18. At the presentencing stage, the act must be proven by a "preponderance of the evidence." United States v. Silverman, 889 F.2d 1531, 1535 (6th Cir.1989). Under the Federal Sentencing Guidelines, the District Court's findings of fact regarding relevant conduct are reviewed on a "clearly erroneous" basis. 18 U.S.C. Sec. 3742(d).
 
 
 33
 The District Court's departure was proper in light of the Joan test. Conceptually, the circumstances surrounding the commission of defendant's crime warrant departure. Defendant was convicted of, among other crimes, sexually exploiting a minor by production of a sexually explicit photograph. It was shown that defendant sexually abused some of the minors during the commission of this crime. The District Court did not err when it found this conduct occurred and was relevant to the crime for which defendant was convicted. Further, the Guidelines Manual does not adequately take into consideration any sexual abuse that may occur during the course of this crime. The evidence presented at the presentencing hearing attests to the extreme conduct inflicted upon these minors and the consequent mental anguish they will endure for many years to come.
 
 
 34
 Accordingly, we hereby AFFIRM the judgment of the District Court.
 
 
 
 [1]
 This section states:
 (a) Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, shall be punished....
 18 U.S.C. Sec. 2251(a).
 
 
 [2]
 This section states:
 If the defendant's conduct was unusually heinous, cruel, brutal, or degrading to the victim, the court may increase the sentence above the guideline range to reflect the nature of the conduct. Examples of extreme conduct include torture of a victim, gratuitous infliction of injury, or prolonging of pain or humiliation.
 United States Sentencing Commission, Guidelines Manual Sec. 5K2.8, at 5.45.
 
 
 [3]
 This section states:
 If the defendant committed the offense in order to facilitate or conceal the commission of another offense, the court may increase the sentence above the guideline range to reflect the actual seriousness of the defendant's conduct.
 United States Sentencing Commission, Guidelines Manual Sec. 5K2.9, at 5.45.