No. 85–35. GREBER *v.* UNITED STATES. C. A. 3d Cir. Certiorari denied.

JUSTICE WHITE, dissenting.

Petitioner Greber was convicted in United States District Court on several counts of making false statements "in any matter within the jurisdiction of any department or agency of the United States." See 18 U. S. C. § 1001. In connection with these convictions, the District Court refused to submit the question of the materiality of Greber's statements to the jury, holding that materiality was a question of law to be decided by the court. The United States Court of Appeals for the Third Circuit affirmed the convictions and upheld the District Court's determination that materiality was a question of law. See 760 F. 2d 68, 72–73 (1985). Other Circuits have also concluded that materiality is a question of law. See, *e. g., Nilson Van & Storage Co.* v. *Marsh,* 755 F. 2d 362, 367 (CA4), cert. denied, *ante,* p. 818; *United States* v. *Abadi,* 706 F. 2d 178, 180 (CA6), cert. denied, 464 U. S. 821 (1983). Two Circuits, however, have held that materiality under § 1001 is a question of fact and should thus be submitted to the jury. See *United States* v. *Irwin,* 654 F. 2d 671, 677, n. 8 (CA10 1981); *United States* v. *Valdez,* 594 F. 2d 725, 729 (CA9 1979). I would grant certiorari to resolve this conflict.

No. 85–46. ROEDER *v.* TEXAS. Ct. Crim. App. Tex. Certiorari denied.

JUSTICE BRENNAN and JUSTICE MARSHALL, dissenting.

Adhering to our views that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia,* 428 U. S. 153, 227, 231 (1976), we would grant certiorari and vacate the judgment below so that the court below can determine the sentence, other than death, that may be appropriate.